Pan v. Barr

BIA
Zagzoug, IJ
A205 817 481

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of April, two thousand nineteen.

PRESENT:
> PIERRE N. LEVAL,
> GUIDO CALABRESI,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges.*

_____

AI LING PAN,
> *Petitioner,*

> v.                                    17-1463
>                                       NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Jan Potemkin, New York, NY.

FOR RESPONDENT:        Chad A. Readler, Acting Assistant
                       Attorney General; Bernard A.
                       Joseph, Senior Litigation Counsel;
                       Kate D. Balaban, Trial Attorney,
                       Office of Immigration Litigation,
                       United States Department of
                       Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ai Ling Pan, a native and citizen of the People's Republic of China, seeks review of an April 12, 2017, decision of the BIA affirming an August 11, 2016, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ai Ling Pan,* No. A205 817 481 (B.I.A. Apr. 12, 2017), *aff'g* No. A205 817 481 (Immig. Ct. N.Y. City Aug. 11, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, . . . the consistency between the

applicant's or witness's written and oral statements . . . . , [and] the internal consistency of each such statement . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim . . . ." 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin*, 534 F.3d at 163-64. Substantial evidence supports the agency's determination that Pan was not credible as to her claim that family-planning officials forced her to have an abortion.

The agency reasonably relied in part on Pan's demeanor. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005) (recognizing that particular weight is given to the trier of fact's assessment of demeanor). That finding is supported by the record, which reflects that Pan was unresponsive when testifying about numerous aspects of her living arrangements with her fiancé with whom she purportedly became pregnant.

The demeanor finding and the overall credibility determination are bolstered by record inconsistencies. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006). The agency reasonably found Pan's testimony inconsistent regarding when she moved in with her fiancé and where they lived when they first lived together. *See* 8 U.S.C. § 1158(b)(1)(B)(iii).

Having questioned Pan's credibility, the agency reasonably relied further on her failure to rehabilitate her testimony with reliable corroborating evidence. "An applicant's failure to corroborate . . . her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). The IJ reasonably declined to afford weight to the unsworn letter from Pan's mother because it was prepared by an interested witness who was not available for cross-examination and it was altered without explanation with respect to the date that Pan "confirmed" her relationship with her fiancé. *See Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013) (deferring to the agency's decision to afford little weight to a relative's letter from China because it was unsworn and from an interested witness)*; see also Matter of H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (BIA 2010) (finding unsworn letters from an alien's family insufficient to provide substantial support for the alien's claims because the letters were from interested witnesses not subject to cross-examination), *overruled on other grounds by Hui Lin Huang v. Holder*, 677

4

F.3d 130, 133-38 (2d Cir. 2012).  There is no other evidence corroborating Pan's relationship, pregnancy, or abortion.

Given the demeanor, inconsistency, and corroboration findings, the agency's adverse credibility determination is supported by substantial evidence and is dispositive of asylum, withholding of removal, and CAT relief.  *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe
Clerk of Court